McKinney, J.,
delivered the opinion of the court.
This was an action of trespass, for an assault and battery, upon the person of the defendant in error.
The declaration, in describing the battery, alleges, that the defendant “ beat, wounded and ill-treated said plaintiff, inflicting wounds and bruises upon the face, and upon the eye, and upon various parts of the body and limbs of said plaintiff,” &c.
The record shows, that on the trial of the cause, “ the plaintiff offered evidence to show, that, in consequence of the injury inflicted by the defendant, his eye, in the course of a *58 few months, went out.” To which evidence the defendant objected, but the court overruled the objection, and the evidence was admitted.
The record further shows, that in the progress of the trial, the plaintiff offered to read the deposition of M. A. Bently, which was objected to by the defendant, but the deposition was admitted to be read.
It appears that by the order of the court, said deposition was to be taken de bene esse; but the commission "issued by the clerk for taking the same, authorized it to be taken absolutely ; and upon this ground, the only specific exception to the deposition as evidence was based, so far as appears from the record.
There is a statement in the bill of exceptions, that “ it was proved that Bently’s residence was not known to the parties ; and that no effort had been made by the plaintiff to procure his attendance, he being a transient person.” But, upon this ground, it is not shown that the reading of the deposition was specifically objected to. .
Upon the foregoing facts, the questions discussed in argument here, arise.
And first: Upon the allegations of the declaration, did the court err in admitting evidence of the loss of the eye ? We think not.
The plaintiff, in a case like the present, is not restricted, in evidence, to the mere act of the defendant complained of, but is entitled, in order to show the damages actually sustained, to give evidence of, and to recover for, all the immediate consequences and natural results, of which thé act complained of was the direct and efficient cause; though, in point of time, such damage may not have accrued, to the full extent, until sometime after the act done. 2 GreenleafsEv., sec. 268. And it is further to be observed, says the same authority, that the proof of actual damages may extend to *59 all facts which occur and grow out of the injury, even up to the day of the verdict; excepting those facts which not only happened since the commencement of the depending suit, but do of themselves furnish sufficient cause for a new action. Id. and authorities cited.
2d. We think the admission of Bently’s deposition constituted no error. The matter of variance, between the order and commission, was not important. The error of the clerk in issuing the commission could not control, nor vary the legal effect of the order of the court. The deposition must be regarded as having been taken- tie bene me, and it was certainly competent to the defendant to have objected to its admission upon the ground, that the plaintiff had failed to show that proper diligence had been used to enforce the personal attendance of the witness. - But no exception, on this account, appears to have been taken in the circuit court. And the settled rule of this court is, that exceptions of this nature, if not specifically made in the court below, cannot be made available here.
A question of costs has been presented for our consideration, by an appeal in error, prosecuted on behalf of the defendant in error, from an order of the circuit court made after the trial of the cause
The question arises upon the following state of facts. This action was commenced in the circuit court of Jefferson, and was pending in said court for more than two years, and until after a mistrial had therein; when the venue was changed, at the instance of the defendant in the action, to the county of Cocke, where the cause was finally tried and determined.
After trial, the court ordered, on motion of the defendant Hodges, that the attendance of the witnesses who were present at the trial in Jefferson, but who were not present at the final trial in Cocke county, and whose depositions had no *60 been taken, should be struck out of the bill of costs taxed in the circuit court of Jefferson.
Upon what ground, or for what reason, this order was made, is not disclosed. We infer, from what appears, that it was alone upon the ground that said witnesses were not in attendance, on the final trial. If so, the order was clearly erroneous. We are bound to presume — nothing appearing to the contrary — that the attendance of the witnesses in Jeff ferson was regular and proper, and that their costs were legally taxed in the bill of costs.
The order cannot be vindicated upon the ground of the absence of the witnesses at the final trial; because when the venue was changed to Cocke county, they were not bound to attend in that county, unless they had been re-summoned, which does not appear to have been done. Nor can the order be supported upon the ground, that the witnesses not being produced on the final trial, it is to be presumed either that their testimony was immaterial, or that they were irregularly or improperly in attendance on the trial in Jefferson. No such presumption can arise ; we are to presume the contrary, as already stated. No such issue was made by the motion in the present instance. If it had been made, it would have been competent to the opposite party to have shown that a legal necessity existed for the attendance of the witnesses on the trial in Jefferson, which, in consequence of the- discharge of witnesses by the other party — the varied aspect of the proof after the former trial — or other sufficient cause, did not exist on the final trial of the cause.
The judgment of the circuit court against the appellant, Hodges, will be affirmed; and the order striking out the attendance of witnesses will be reversed.